[No. 818-41506-1.    Division One—Panel 1.    June 21, 1971.]

The State of Washington, *Respondent,* v. Nicholas R. Koster, *Appellant.*

*Richard F. Allen,* for appellant.

*Slade Gorton, Attorney General,* and *John H. Keith, Assistant,* for respondent.

Williams, J.—Appellant's driver's license was revoked by administrative action of the Department of Motor Vehicles for his refusal to submit to a breath test to determine the alcoholic content of his blood as provided by RCW 46.20.308. The revocation was upheld on his appeal heard de novo by the superior court sitting without a jury. His appeal to this court followed.

Appellant was arrested on February 4, 1969, in King County after his erratic driving, which included weaving badly and driving upon a sidewalk, was observed by a trooper of the Washington State Patrol. Following his arrest, appellant was taken to the county jail where he failed the usual physical sobriety tests and refused to submit to the breath test.

Appellant first assigns error to the report of the results of the administrative hearing which was contained in the prosecution's opening statement. No objection was made, so this assignment may not be considered. In addition, it was

implicit in the appeal to the superior court that the Department of Motor Vehicles had revoked appellant's license.

Secondly, appellant contends that he was not requested to submit to the test, as required by RCW 46.20.308(3):

> If, following his arrest, the person arrested refuses *upon the request of a law enforcement officer* to submit to a chemical test of his breath, after being informed that his refusal will result in the revocation or denial of his privilege to drive, no test shall be given.

(Italics ours.) The evidence shows that the trooper twice read a warning to appellant that he could refuse the test, but that his refusal would result in the loss of his driver's license. At the time of the second reading, appellant and the officer were in a little room at the county jail where the breathalyzer machine was located. The officer testified that appellant refused to take the test. This testimony was subsequently confirmed by appellant, who testified both on direct and cross-examination that he refused to submit to the test because there was no point in it.

Although there is not direct specific testimony that appellant was requested to take the test, there is a reasonable inference from his refusal to take the test that he was asked to do so.

The next contention is that the trooper did not have reasonable grounds to believe appellant was under the influence of intoxicating liquor because he was ill rather than drunk. There is abundant evidence to support the court's finding that the trooper did have reasonable ground to believe that appellant was under the influence of intoxicating liquor.

*State v. Felix*, 78 Wn.2d 771, 479 P.2d 87 (1971), disposes of appellant's final contention that the trooper was not authorized to give the breath test because there was no state toxicologist to certify the trooper's qualifications.

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.

Petition for rehearing denied September 20, 1971.

Review denied by Supreme Court November 9, 1971.